May Term,
1844.

RICHARDSON
v.
HOPKINS.

---

RICHARDSON and Wife *v.* HOPKINS.

A declaration in slander alleged the words to have been spoken in a discourse with *A. B.*, in the presence and hearing of others. *Held*, that it was not necessary to prove that the words were addressed to *A. B.*

*Thursday,
May 30.*

ERROR to the *Noble* Circuit Court.

DEWEY, J.—Slander by *Richardson* and wife against *Hopkins* for words spoken of the wife. There are several counts in the declaration. Each count alleges the slander to have been uttered in a certain discourse had by the defendant with a particular person by name, and in the presence and hearing of divers other persons. Pleas, the general issue and the statute of limitations. Verdict and judgment for the defendant.

On the trial, the Court restricted the plaintiffs to proof of words addressed by the defendant to the persons, or some of them, with whom he was alleged to have held the discourse.

We do not consider the question here presented a very plain one. It was certainly unnecessary, and, as far as we know, unprecedented, to allege in the declaration that the *colloquium* was had with a particular person by name. The pleader may, however, increase the burden of his proof by unnecessary averments; and we should be inclined to hold the plaintiffs to strict proof of the *colloquium* in each count, as they have seen fit to describe it, were there not authority, which we conceive to be analogous, against it. The law is well settled, that, where words are laid to have been spoken

in the presence of an individual named, and of others, the action may be maintained by proof of words uttered when that individual was not present. Bull. N. P. 6.—Stark. Ev. iv. 844.—Roscoe's Ev. 4th ed. 372. Our opinion therefore is, that the plaintiffs should have been permitted to prove the words laid in the declaration, though they were not addressed to any of the persons therein designated.

*Per Curiam.*— The judgment is reversed with costs. Cause remanded, &c.

*T. Johnson* and *D. Wallace*, for the plaintiffs.